You ready? I am. You may proceed. May it please the court, the trial court's judgment should be reversed and remanded. The trial court made one primary error that then infected a series of subsidiary legal errors that although stand on their own, really are part of a whole incorrect decision. The trial court applied the wrong standard to the government's burden. The government as the Supreme Court has held in the period- It seems to me that the court may have misstated the standard of review in the standard of review section, but I want you to show me how it applied the wrong standard of review. Well, certainly ICP concedes that the court misstated at the very least the standard of review and argues that it was harmless because really the court in effect applied the correct standard. And what I'd like to point out is that the court did two things. First, it cited the clearly reasonable language that everyone agrees is the incorrect standard. And to be candid, this is not the first time that the Court of International Trade has done that and it's not the first time that the Court of Federal Claims has done it. But the court took an additional step and stated that this standard means something quote, slightly more stringent than simple reasonableness. So it's a more explained standard of review that then is applied throughout the opinion. Now it's true that when the Court of International Trade made its actual findings, it used the word reasonableness and didn't restate the clearly reasonableness standard or restate the slightly more stringent standard. But if standards of review are to mean anything, then we have to take as truth that the court believed that it was applying the standard of review that it laid out. And given the fact that this is not the first time that the Court of International Trade has done this or the first time that the Court of Federal Claims has done it, we think that it's time for this court to correct the error. The trial court also incorrectly- Can we make that type of correction in an affirmance? I mean, why would we have to reverse in order to make that correction? Well, we have no idea whether if using the correct- I mean, if you believe what I'm saying, which is that it's not just a boilerplate error, it actually infected the reasoning of the court or could have infected the reasoning of the court, then affirmance wouldn't be appropriate. There would have to be an instruction to reconsider the substantial justification decision. I think the court characterizes its standard in other parts of its opinion, and that characterization is correct. It's a correct standard. So I wonder whether the court made the mistake in its articulation under the standard of review, but yet applied the correct standard. And if its analysis is correct, and if that's true, then that could be harmless error, especially under our standard of review, which is discretionary or an abuse of discretion. Right. So if this panel decides that the Court of International Trade just made a mistake, then I mean, I suppose you'd have a couple of options. You could instruct the court to correct the mistake and do nothing else. Not a mistake, a harmless error. Let's say harmless error. Okay. So yeah, certainly the court could do that. There are other legal errors in the decision, though, that we believe stand on their own and also have to be corrected. So I'll move on to those. The trial court also incorrectly weighed the government's decision not to appeal. So in a couple of instances, the trial court mentioned it, but the most egregious in our opinion concerns really the primary issue in the case, which was whether customs believed that the white sauce didn't conform to the ruling letter. The trial court found, as a matter of fact, based upon testimony, that customs actually did believe that it conformed to the ruling letter. That's what the whole trial was about, and we lost to the issue. We decided not to appeal that factual issue. We appealed the other main issue in the case, which was the legal question as to whether the statute required customs to follow the notice and comment procedures, whether this was in fact a revocation that required compliance with the statute. That's the issue that we appealed. It's traditional for the Department of Justice to take into consideration all of the matters that can be appealed, and it's also traditional for us to focus on the legal appeals. These are careful decisions that are made in conjunction with the Solicitor General's decision to appeal just the legal issue, which is not a concession by any means that we believed that factual matter to be true. Of course, this court also characterized our decision not to appeal as a concession, but I think it did it in a slightly different way. Does the court say in a situation involving summary judgment, when you leave that type of issue behind, then you're not setting it up for the court to decide whether there's a material fact at issue in controversy. Why would the court be wrong in that type of analysis? Are you asking whether the court correctly considered the fact that the government survived summary judgment? Well, if you're not appealing a material issue, and this was a material issue, correct? It was a material issue, although this was an issue that went through trial. This was not an issue that was resolved on summary judgment. This is an issue that we actually survived. It was the main issue that we survived summary judgment on, and I'll get to the court's error on that in a little bit, but this is the issue we survived summary judgment on. We went to trial. There was a five-day trial where the Court of International Trade heard testimony from several government witnesses and company witnesses about this very question, and it made a factual determination that we're not challenging. We're suggesting that the only reason that, or one of the only reasons that the court gave for its substantial justification determination was that we conceded this issue on appeal, and what the court does is it links our concession to the finding of fact that it made regarding CBP, and it called it, I'm quoting, a gradual process by which the government moved from defending its actions to conceding error, and we dispute that characterization. We defended the action all along from CBP's determination at the administrative level all the way through the litigation, and the fact that we chose not to appeal it does not mean that we conceded error. When we concede error, we make a pretty big deal out of it, and everybody knows that we're conceding error because we actually use that language. So I'll move on to the summary judgment analysis. As I said, the court incorrectly or really didn't consider at all the fact that we survived summary judgment on the major factual issue that was concerned, and we've pointed out a couple of Seventh Circuit cases that talk about giving a presumption to a party when they survive summary judgment. Those cases talk about the reality that it could be that at trial, it's revealed that the government had no case at all, but that is absolutely not the case here. The summary judgment decision here was that there was a genuine issue of material fact as to whether the product conformed to the ruling letter, and what the court says is the defendant presented several pieces of information that call into question that the product is the same, and the court cites all of the information that we appended to our motion, and that is the reason why we survived summary judgment. Now, of course, it's true that at trial, there was testimony that in the court's view outweighed that documentary evidence, but the question has to be whether the government has shown such relevant evidence as a reasonable mind might accept as adequate to support that factual conclusion, and it has to be that if we survive summary judgment and the court characterized that evidence as enough to survive summary judgment, that that is enough evidence that a reasonable mind might accept as adequate to support that conclusion. Is it possible for an unreasonable factual situation to survive summary judgment? Yeah, right. So I think it is possible, and it is what the Seventh Circuit identifies. The Seventh Circuit says that it's possible that after the trial, it could be revealed that the government had no case at all, and that's not the indication that we got from the trial court's decision. This was a five-day trial. It was quite detailed. There were two rounds of supplemental briefing after the trial, including specific questions from the trial judge. There was a nine-month decision period before the decision was issued, and there was no indication in the actual trial decision that we had brought anything even close to a frivolous claim. The last issue that I'll discuss... Could you address the issue of substantially justified? Yes. I can discuss just in general what it means, and then... I want you to tell me if the CIT abused its discretion with respect to its determination on whether your position was substantially justified. Well, we think it did. The Court of International Trade made, I'd say, one, two, three, four, five, or six factual findings that we think were incorrect simply as a matter of fact, and that the government was, in fact, substantially justified. What we've done in our appeal is point out the primary legal errors that we think that the court should consider and instruct the trial court to reconsider, because once those legal issues are reconsidered, I think the substantial justification decision really has to come out the other way. Because if substantial justification is what the Supreme Court says it is, which is such relevant evidence as a reasonable mind might accept as adequate, it has to be that the government's position on the legal question about 1625 was adequate, and it has to be that the government's position on the factual question of whether the product conformed was substantially justified. And I'd like to talk about the legal question just for a little bit, which is something that we did appeal, and we do concede that we lost. But the Court of International Trade held that it was not a novel issue. Now, whether it's a novel issue goes both to the substantial justification question and to whether there is a special circumstance, but it's essentially the same discussion. The only reason that the court gave for why it was not a novel issue was its own decision when ICP initially brought the claim under Section 1581I. That decision, as we know, was vacated. We think that as a matter of law, it's incorrect for the court to have considered that. And since there's no other rationale given for why this is not a novel issue, we think that the court really has to reconsider it without acknowledging its prior decision. And I'll make a couple of points about it. It's not that there can't be a series of decisions that might make something not new, but when the Supreme Court talks about that situation, they talk about a string of decisions. Here we had one decision by the same trial court judge that has no legal effect. So it's certainly not a string of decisions, and it doesn't have the force of law. And obviously, it wouldn't have been binding anyway. And the trial court acknowledged that this appellate court had never opined upon the issue in the first instance. And when this court did opine upon the merits, it certainly didn't say that there was anything frivolous, not that that's the standard, but that there was anything untoward about the government's position. And in fact, it went so far as to say that on the legal question of whether you can use a notice of action to revoke a ruling, it went so far as to say, we're not deciding that question for all time. We're only deciding it with respect to this particular situation. OK, you're into your rebuttal time. Thank you. Mr. Tufo, is that correct? That is correct. Good job. Not everyone pronounces that one correctly. Well, I should say, there's probably not one correct pronunciation. But that's the one my family uses. May it please the court, as you mentioned, I am Greg Tufo here on behalf of International Custom Products. And I'll be referring to them as ICP throughout. So having been driven out of business by the government's illegal actions and the false allegations of fraud, the now penniless ICP begs this court to uphold the attorney fee award and expenses award in this case. This is not a close case. And there is absolutely no reason to believe that if the court below had realized it had made a mistake in its articulation of the standard review at the beginning of the opinion, that it would have been decided any differently. In fact, the standard could be bad faith. And we would have clearly had a ruling in favor of awarding fees to ICP in this case. This situation, it's not a close call. The government's position as a whole was not substantially justified, was not founded on a reasonable basis in both law and fact, was not justified to a degree that could satisfy a reasonable person. A reasonable person would not think that the government's position was correct. Why not? Because the government deliberately chose not to follow the law in this case. No reasonable person would approve of the disregard of the law. And in addition, the government took factual positions that its own evidence and its own lab reports contradicted. And frankly, the court in its opinion, which I will walk through a little bit in this portion, just to highlight how this is not a close call. But I think the court went easy on the government in its description of how weak the government's position was at trial. And I can talk about that as well. But so if you look through the... Let's go back a little bit. If the court articulates, says, I'm going to review this case under the standard review, and we all acknowledge that that was an incorrect standard, it was too stringent. Correct. Then how do we know, how can we tell that the rest of the opinion wasn't affected by that? Two ways, Your Honor. One is you can look at the actual analysis in the opinion and see that he was relying instead on a simple articulation of reasonableness in his analysis throughout his opinion. And second is you can look at the weight of the evidence generally and say, you know, no matter how the standard was articulated, it would have come out the same way. So we know it didn't infect the decision to make it... If we don't adopt a position, then what would be the recourse to vacate and remand for consideration under the appropriate standard? That's highly unnecessary and all the court would... I know that's not what you want to happen. Yeah. No, but if this court were to affirm, state the standard was incorrectly articulated, it's harmless error because in this case, it's clearly the position of the government was not substantially justified under the correct standard. This is not a close call, and it'd be pointless exercise to send it back down to have the exact same award reinstated under the correct articulation of the standard. Can we decide that in the first instance? Well, I don't think the court needs to decide it in the first instance because the language of the opinion throughout decides that under the correct articulation of what is reasonable. And again, I just want to point out some of the language in that opinion so the court can focus on that. The A7 in the record, just for later reference, the court states, the government took the position that we don't have the time to go through the 1625C procedures. The government took the position that the ruling letter did not apply because the imports were used to make cheese and not sauce. That was at A9, the judge referenced that. The notice of action, of course, though, doesn't mention use. And the government claimed that the notice of action was not an interpretive ruling or a decision. The government claimed also that ICP made material misrepresentations and omissions to obtain the ruling. Those were the positions of the government. But the government never did a class and kind analysis regarding the white sauce. They never determined what class and kind ICP's white sauce belonged to. The government contended that the white sauce didn't conform. But its own laboratory test, if you look at A13 in the appendix, its own laboratory test confirmed that white sauce did conform to the ruling. And considering the entirety of the record and the positions taken as a whole, the court found their position not to be substantially justified. The government likes to take out individual positions they took and say, well, this was novel and this might have been justified. But the court, quite correctly under the standard, looked at their position as a whole. And I do not want this court to overlook the many unreasonable positions the government took along the way and the actual justification originally for the action taken by the government and then the post hoc rationalizations and attempt to justify what the government knew it could not justify on the basis of the actual reasons it took the action. Note that the classification at issue is a principal use provision. And so whether white sauce or a particular entry is correctly classified under the provision at issue is based on the typical use of the class and kind of goods generally, not on the actual use of those imports. Although it's relevant what the actual use is, it's not determinate. Well, in this case, the government acted as if the only thing that matters is the use of the import. And if the use is inconsistent with the principal use of the classification, the use of the import, then, aha, we got you, you owe us $300 million. And that was totally unreasonable. And of course, the government did not attempt in this litigation to defend that position. Instead, they grasped at any other possible justification they could find for why what they did, although not for the right reasons, might have still have been an OK thing to do. So they started to scrutinize, well, did this entry conform to the ruling? Is there anything we can assert that isn't conforming with this ruling? How about the fat content? Well, the fat content has to be 77% or lower, or it doesn't conform. And of course, the court found that position was not reasonable. And it found that the test results and the information evidence in the case didn't support a belief that the fat was even beyond that range. In addition, they said, well, how about what if it didn't contain the thickeners that are stated in the ruling? And the government went on to highlight in their reply brief, well, we had great evidence. We had Dr. Bradley, a witness, that testified that it might not contain thickeners. And we had Diane Kutzko, an employee of ICP, that testified that this was all a scheme to bring butter into the country. They omit to mention, Your Honor, and I would point, Your Honors, to the record as to Dr. Bradley from pages A7600 through A7602. And as to Diane Kutzko from A7615 through A7617, that both of these witnesses were found not credible. The government's position at trial was so weak, they put up not one, but two witnesses found not credible, which is obviously not a common occurrence at trial. In addition, their expert was found not qualified and to have no basis to give the opinions he gave. So yes, they got past summary judgment, Your Honor. But they didn't get past summary judgment as a plaintiff, showing that it has enough evidence to prove its claim at trial, that a reasonable person could have. They got to court and passed summary judgment as a defendant, which is very different from the cases they cite, which suggests that you should take heavy account of someone's surviving motion for summary judgment. Just because ICP didn't marshal sufficient evidence at the summary judgment stage to prove its case beyond any issue of fact, when the government is asserting misrepresentation and factual issues, it's very hard to win summary judgment when there are allegations of factual issues as a plaintiff to conclusively disprove on summary judgment. Just because we couldn't marshal enough evidence to win the case at summary judgment doesn't mean that the government's position was reasonable and substantially justified, even within the litigation. And remember, we're talking about the whole position. What did they do before the litigation and then what did they do during? And the language is harsh. If you look at page A15 of the record, the court cites the government CBP knew it was effectively revoking the ruling and unreasonably ignored the requirements that the ruling letter governs liquidations until it's revoked. It's revoked. At A15, the judge characterized the government's fraud allegations as speculation, not strong, not well-founded, borderline frivolous, speculative. And at A17, the court notes, the government's position was rooted in a desire to avoid the revocation process that CBP knew revocation could not be properly avoided. And the whole government position as a whole was a post hoc justification for a position that the government knew to be improper. The government acted in this case in a way it knew was improper. ICP could not merely meet a reasonableness standard. It could meet an intentional misconduct standard. So given these circumstances, the overwhelming evidence that the court cites throughout its opinion, and that I refer to you in the record of its opinion actually as the bench opinion after the trial, yes, on summary judgment, ICP couldn't adequately demonstrate how bad the government's case was. It took trial for ICP to get its act together and truly lay out all the information and demonstrate how unreasonable, how baseless, how meritless the government's factual and legal positions were. Now, what is your response to the government's argument that the court erred as a matter of law when it states that because the government didn't appeal, it has conceded error? You know, the court did not, as the government's attorney describes, did not say, well, because they didn't appeal, that means their position wasn't substantially justified. The court noted that as one factor. And this is an equitable determination where the court is considering the totality of the circumstances. There is no case that says that a court cannot even consider the fact that a major position was abandoned on appeal. It is a difference to a trial court deciding whether to award fees or not. A court can consider that, but that's a far cry from a court saying that, well, when the government doesn't appeal, it has conceded error. That is, I would argue, merely semantics when it describes conceded error. I don't think it's earth-shaking whether the court describes that as a concession of error. The court understands it's a decision not to appeal. The court is well aware of how appeals work, how litigation works, and that a party is not declaring its position was unreasonable just because it didn't appeal. And the court doesn't hold that in its opinion. It doesn't say, and because they didn't appeal, I find that a conclusive factor as why their position was not substantially justified. It merely notes it and says, this is among the many factors in this case. If they were so sure of that, if that was a truly strong position, it would be a stronger position if they had appealed it. And I think that's at least a fair factor for a court to take into account. Could a court say conclusively every time a government doesn't appeal, that means whatever position they didn't appeal wasn't substantially justified? Absolutely not. And that's not what the court did here. The court merely referenced it among the totality of the case and the totality of the position of the government throughout the litigation and didn't put undue weight or emphasis on that issue. In addition, the court, just because the novelty issue that I wanted to address that as well, the court did not say the issue wasn't novel. The court merely said that the novelty of the issue was diminished, and this is at page 819 in the record, by the fact that, and mind you, even though there was a vacated decision on the basis of jurisdiction, there was a complete analysis of the government's legal position with respect to whether the notice of action constituted a revocation of a ruling or not, provided to the government before they even started their position in this case. Despite that full legal analysis, which wound up being the legal analysis applied by the CIT and this court, the government disregarded and persisted. They'd been given a serious heads up, so to speak, that their position was not going to succeed. The court did not say, because of this vacated decision, the position wasn't novel. It just said that its novelty is diminished. It's not like you were operating on a completely blank slate. The government had a strong reason to believe that that novel position wasn't going to carry the day. Is it proper for a court to make reference to a vacated opinion for anything? I would say yes, solely for this purpose, to say that the legal analysis related to that issue was provided to the government. But once it's vacated, it's gone. It has no impact, no effect. It's of no consequence. It is of no consequence in this way, Your Honor.  and it didn't foreclose the government's ability to continue making the same legal arguments. And it doesn't necessarily mean that that analysis has any effect whatsoever. Right, no legal effect, Your Honor. But it is at least as good as a law review article to say, here's a complete analysis of your legal position and why it's not likely to succeed. The court just said its novelty is diminished. It didn't say, from a legal standpoint, you're unable to make the argument or it's not novel. Do you have any basis of saying that a vacated opinion is at least as worthy of note as a law review article? I don't have a case that says that, Your Honor. I don't think you'd find one. OK, I'll concede that, Your Honor. The court did not give undue weight to its vacated decision in the analysis of the overwhelming weight of the evidence and the totality of the government's position. It merely noted that the novelty is diminished. And it still considered the possibility, from an equity standpoint, of taking into account the novelty of it. And by the way, there's a number two part of that, which is the court said that a novel position is not a basis in equity when it comes in, this introduction of a novel issue, comes in as a post hoc rationalization of what the government knew was clearly illegal conduct. And so there's two aspects in the novel decision portion of this case, Your Honor. And of course, the government completely ignores the latter one I just referenced. So that is not the totality of the position of the government in this litigation, the position that was rejected in the vacated decision. That is one of many positions. And it hardly describes the totality of the government. Any concluding thoughts? Just that, Your Honor, this has been a long, hard road. ICP was victimized by the government's illegal conduct, suffered substantial damages, remanding for the pointless exercise in what would inevitably result in reinstatement of the award, will delay further and put unnecessary hardship on my client to await the inevitable result. In this case, any error that occurred, we acknowledge it is harmless. And we urge this court to uphold and affirm the award while correcting the standard. OK, thank you, Your Honor. Ms. Burke, we'll put you back in three minutes. Thank you. I'd like to talk about two legal issues and then address some of the facts that ICP just raised. First, on the question of whether it's a novel issue, ICP points out something that we actually probably should have pointed out and didn't really focus on, is that the court conceives it's a novel issue, but says that the novelty is diminished. Once you take out that cause for diminishment, then I think we're back to it being a novel issue. The second thing is that ICP, I think, said that, I think, suggested that it's OK to consider, as a factor, whether the government chooses not to appeal, as a factor, as long as it's not the only factor. And I think that Pierce actually, it doesn't speak to this particular issue, but in spirit, actually says the exact opposite. It says 10 different ways. You cannot take anything from the fact that the government loses. So the fact that the government loses and chooses not to appeal is the same as if the government loses and chooses to appeal. And I'd like to just touch on some of the factual overstatements that I heard ICP make. First, and this gets back to Judge Reyna's question about whether there was substantial justification. On the legal question, the record is full of the back and forth that CBP entered into to figure out whether it had the authority to do what it did. It's absolutely true that the trial court disagreed. But what the record reflects is careful consideration by the agency as to whether it had the authority. And it determined that it did. And there was no evidence of bad faith on the part of the government. And this is getting down a little bit into the weeds. But on the documentary evidence, and I want to remind the court of the standard. The standard is not what the trial court believes the documentary evidence and the trial showed. It's not about the trial court's factual holdings. We understand that we didn't prevail on the facts in this case. The question is whether the government put forth such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. And the government put forth documentary evidence from ICP's own clients about a couple of really important things. The content of the product. The content was being, at least according to the documents, was being changed to remove some of the elements that make something more like a sauce and less like butter. And if you remove some of those elements, it becomes more like a butter spread and less like a sauce. We also put forth documentary evidence about the role of the percentage of milk fat. Now ICP makes it seem like this is totally unimportant. But if you look at the documents, the percentage of milk fat is actually really, really important. And there's all kinds of documents between ICP and its customers about what the precise percentage of milk fat is going to be and whether it's going to change the price. And the point being that the government put forth relevant evidence, reasonable evidence, that got us past the summary judgment phase. The fact that the trial court didn't buy it does not mean that we were not substantially justified. Thank you. OK, thank you very much.